

June 11, 2025

**VIA ECF**
Hon. Lawrence J. Vilardo
United States District Court Western District of New York
Robert H. Jackson United States Courthouse
2 Niagara Square
Buffalo, NY 14202

    Re: *Lynch v. County of Erie, et al*. Case No.: 25-cv-00075
       Request for Initial Case Management Conference

Dear Judge Vilardo:

We represent Plaintiff Renay Lynch in the above-captioned matter. We respectfully request that the Court schedule an initial case management conference at its earliest convenience to ensure that discovery proceeds without undue delay due to the age of the underlying criminal case; the health concerns of key witnesses, including Plaintiff; and the lack of prejudice to Defendants.

*Procedural History*
On January 23, 2025, Plaintiff filed her Complaint against Defendants County of Erie, Town of Amherst, Raymond Klimczak, Joseph LaCorte, and Michael J. Melton, alleging civil rights violations relating to her 1998 wrongful conviction for a murder she did not commit, and her resultant 24-year wrongful incarceration. (ECF No. 1). Summonses were issued to all Defendants on January 24, 2025, and service was completed on all Defendants by February 1, 2025. (ECF No. 2).

On April 15, 2025, Defendants Town of Amherst, Klimczak, LaCorte, and Melton filed a partial motion to dismiss pursuant to Rule 12(b)(6). (ECF No. 14). Notably, these defendants did not move to dismiss federal claims against the individual defendants. (*Id.*)

On April 17, 2025, Defendant County of Erie separately filed its motion to dismiss under Rule 12(b)(6). (ECF No. 18). This motion to dismiss addressed both of the claims against the County.

Plaintiff opposed both motions, filing responses on May 23, 2025. (ECF Nos. 22, 23). With the motions fully briefed, and given the nature of the claims and parties involved, an initial case management conference is warranted now.

*Discovery Should Commence Immediately*
We respectfully request that the Court schedule an initial case management conference at its earliest convenience to structure discovery efficiently and avoid undue delay. Both the County of

43 WEST 43RD STREET | SUITE 160 | NEW YORK, NEW YORK 10036
(917) 936-5989 | info@newirthlinehan.com | WWW.NEWIRTHLINEHAN.COM

Erie and the Town of Amherst have advised that they believe discovery should be stayed pending the resolution of their respective motions to dismiss. Plaintiff opposes any such stay.

Courts in this Circuit have consistently held that the mere filing of a motion to dismiss does not, by itself, warrant a stay of discovery. *See Hong Leong Fin. Ltd. (Singapore) v. Pinnacle Performance Ltd.*, 297 F.R.D. 69, 72 (S.D.N.Y. 2013) ("[D]iscovery should not be routinely stayed simply on the basis that a motion to dismiss has been filed."); *Thomas v. Amazon.Com Servs., LLC*, No. 23-CV-1271 (JAM), 2024 U.S. Dist. LEXIS 141807, at *3 (E.D.N.Y. Apr. 15, 2024) ("The pendency of a dispositive motion is not, in itself, an automatic ground for a stay.").

A stay is particularly inappropriate where, as here, multiple claims—especially those against the individual defendants—will proceed regardless of the outcome of the pending motions. *See, e.g., CT Espresso LLC v. Lavazza Premium Coffees Corp.*, 2022 WL 1639485, at *2 (S.D.N.Y. May 24, 2022) (denying stay where defendants sought only partial dismissal); *Medina v. City of New York*, 2020 WL 3050971, at *2 (S.D.N.Y. June 8, 2020) (declining stay where core Section 1983 claims would require discovery irrespective of motion outcome); *Technograph, Inc. v. Texas Instruments Inc.*, 43 F.R.D. 416, 417 (S.D.N.Y. 1967) (denying stay where dismissal would not terminate the action).

Although the County of Erie has moved to dismiss the municipal liability claims against it, discovery on those claims should proceed without delay. The claims against the individual officers and those against the County are closely interrelated: they arise from the same underlying facts and rely on overlapping evidence, including investigatory files, communications between prosecutors and police, and policies governing joint decision-making. Even assuming arguendo that the County's motion were granted, discovery would still encompass the same core evidence. *See Khan v. New York City*, 757 F. Supp. 3d 327, 336 (E.D.N.Y. 2024) (declining to stay discovery where dismissal of some claims would not meaningfully narrow its scope). Proceeding with Monell discovery now will promote judicial economy and prevent duplicative discovery, delays, and potentially avoidable bifurcation.

Delay in commencing discovery would cause serious prejudice to Ms. Lynch, given the age of this case and the health of the parties and key witnesses. The crime at issue occurred in 1995; Ms. Lynch was wrongfully convicted in 1998 and spent 23 years incarcerated and 26 years wrongly convicted. She is now 69 years old, suffers from serious medical conditions, and recently survived a heart attack. On information and belief, the individually named defendants are all over 65, and at least one critical witness is in failing health. Further delay risks the loss of critical evidence and the fading of already distant memories and would further stall this long-overdue litigation. Ms. Lynch deserves a timely opportunity to vindicate her rights—especially in light of the Erie County District Attorney's Office's ongoing false public assertion that she is not innocent. *See* Compl. ¶¶ 369–372. *Cf. S.E.C. v. Jones*, 2005 WL 2837462, at *2 (S.D.N.Y. Oct. 28, 2005) (denying stay where reputational harm justified a prompt resolution). There is no prejudice to Defendants given that all Defendants are key witnesses in the matter, regardless of what claims or parties remain in the case after the motions to dismiss is decided. Furthermore, Defendant Amherst did not move to dismiss the federal claims against the individual Defendants. Therefore, the case will proceed as to those claims and as against those individual Defendants.

We appreciate the Court's attention to this matter and are available at the Court's convenience to discuss this request further should the Court require it.

Respectfully submitted,

*[signature]*

Karen A. Newirth

cc:   Counsel of record (via ECF)

**NEWIRTH LINEHAN PLLC**
**43 WEST 43RD STREET | SUITE 160 | NEW YORK, NEW YORK 10036**
**(917) 936-5989 | info@newirthlinehan.com | WWW.NEWIRTHLINEHAN.COM**