**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

RENAY LYNCH,

Plaintiff,

-against-

The TOWN OF AMHERST, Michael J. Melton, Joseph LaCorte, Raymond Klimczak, COUNTY OF ERIE,

Defendants.

**1:25-cv-00075-LJV-JJM**

## STIPULATED PROTECTIVE ORDER

1. Any party to this litigation and any non-party providing information in this action (hereinafter "non-party") shall have the right to designate as "Confidential" and subject to this Order any information, document, or thing, or portion of any document or thing: (a) that contains private or confidential personal information, including but not limited to criminal records that have been sealed by Court Order pursuant to New York Criminal Procedure Law § 160.50, even if subject to an unsealing order; or (b) that contains information received in confidence from third parties, or (c) which contains Personally Identifiable Information ("PII"), or (d) or which contains sensitive law enforcement information, including information developed during the course of the underlying investigation and the need to protect individuals from public reputational harm, or (e) which the producing party otherwise believes in good faith to be entitled to protection under Rule 26(c)(1)(G) of the Federal Rules of Civil Procedure and Local Civil Rule 5.3. Any party to this litigation or non-party covered by this Order, who produces or discloses any Confidential material, including without limitation any information, document, thing, interrogatory answer, admission, pleading, or testimony, shall mark the same with the foregoing or similar legend: "CONFIDENTIAL" or "CONFIDENTIAL – SUBJECT TO CONFIDENTIALITY ORDER" (hereinafter "Confidential"). The marking shall be placed on the footer of the document, thing, record, or information as to not obscure with the contents of same. Parties shall have broad discretion in marking material(s) as "CONFIDENTIAL" to help efficiently allow the parties to exchange information during the course of this litigation.

2. Any party to this litigation and any non-party shall have the right to designate as "Attorneys' Eyes Only" and subject to this Order any information, document, or thing, or portion of any document or thing that contains highly sensitive personal information, the disclosure of which is highly likely to cause significant harm to an individual. Any party to this litigation or any non-party who is covered by this Order, who produces or discloses any Attorneys' Eyes Only material, including without limitation any information, document, thing, interrogatory answer, admission, pleading, or testimony, shall mark the same with the foregoing or similar legend: "ATTORNEYS' EYES ONLY" or "ATTORNEYS' EYES ONLY – SUBJECT TO CONFIDENTIALITY ORDER" (hereinafter "Attorneys' Eyes Only"). The marking shall be placed on the footer of the document, thing, record, or information as to not obscure with the contents of same.

3. All Confidential and Attorneys' Eyes Only material shall be used by the receiving party solely for purposes of the prosecution or defense of this action, shall not be used by the receiving party for any business, commercial, competitive, personal, or other purpose, and shall not be disclosed by the receiving party to anyone other than those set forth in Paragraph 4 with respect to Confidential material, or set forth in Paragraph 6 with respect to Attorneys' Eyes Only material, unless and until the restrictions herein are removed either by written agreement of counsel for the parties, or by Order of the Court. It is, however, understood that counsel for a party may give advice and opinions to his or her client solely relating to the above-captioned action based on his or her evaluation of Confidential and Attorneys' Eyes Only material, provided that such advice and opinions shall not reveal the content of such Attorneys' Eyes Only material except by prior written agreement of counsel for the parties, or by Order of the Court.

4. Confidential material, and the contents of Confidential material, may be disclosed only to the following individuals under the following conditions:

a. Outside counsel (herein defined as any attorney at the parties' outside law firms) and relevant in-house counsel for the parties;

b. Outside experts or consultants retained for purposes of this action, provided they have signed a Non-Disclosure Agreement in the form attached hereto as Ex. A;

c. Secretarial, paralegal, clerical, duplicating and data processing personnel of the foregoing;

d. The Court and court personnel;

e. Any deponent may be shown or examined on any information, document or thing designated Confidential if it appears that the witness authored or received a copy of it, was involved in the subject matter described therein, or is employed by the party who produced the information, document or thing, or if the producing party consents to such disclosure;

f. Vendors retained by or for the parties to assist in preparing for pretrial discovery, trial and/or hearings including, but not limited to, court reporters, members of a document review team, litigation support personnel, jury consultants, individuals to prepare demonstrative and audiovisual aids for use in the courtroom or in depositions or mock jury sessions, as well as their staff, stenographic, and clerical employees whose duties and responsibilities require access to such materials, provided the vendor's representative and/or each member of the document review team has signed a Non-Disclosure Agreement in the form attached hereto as Exhibit A, which counsel for the party retaining the vendor(s) shall be obligated to retain and make available to all other parties and/or their counsel upon request; and

g. The parties. In the case of parties that are corporations or other business entities, "party" shall mean executives who are required to participate in decisions with reference to this lawsuit.

5. Confidential material shall be used only by individuals permitted access to it under Paragraph 4. Confidential material, copies thereof, and the information contained therein, shall not be disclosed in any manner to any other individual, until and unless (a) outside counsel for the party asserting confidentiality waives the claim of confidentiality, or (b) the Court orders such disclosure.

6. Material produced and marked as Attorneys' Eyes Only and the contents of such material may be disclosed only to the following individuals under the following conditions:

a. Outside counsel (herein defined as any attorney at the parties' outside law firms) and relevant in-house counsel for the parties;

b. Outside experts or consultants retained for purposes of this action, provided they have signed a Non-Disclosure Agreement in the form attached hereto as Ex. A;

c. Secretarial, paralegal, clerical, duplicating and data processing personnel of the foregoing;

d. The Court and court personnel;

e. Any deponent may be shown or examined on any information, document or thing designated Attorneys' Eyes Only if it appears that the witness authored or received a copy of it, was involved in the subject matter described therein or is employed by the party who produced the information, document or thing, or if the producing party consents to such disclosure; and

f. Vendors retained by or for the parties to assist in preparing for pretrial discovery, trial and/or hearings including, but not limited to, court reporters, members of a document review team, litigation support personnel, jury consultants, individuals

to prepare demonstrative and audiovisual aids for use in the courtroom or in depositions or mock jury sessions, as well as their staff, stenographic, and clerical employees whose duties and responsibilities require access to such materials, provided the vendor's representative and/or each member of the document review team has signed a Non-Disclosure Agreement in the form attached hereto as Exhibit A, which counsel for the party retaining the vendor(s) shall be obligated to retain and make available to all other parties and/or their counsel upon request.

7. Attorneys' Eyes Only material shall be used only by individuals permitted access to it under Paragraph 6. Attorneys' Eyes Only material, copies thereof, and the information contained therein, shall not be disclosed in any manner to any other individual, until and unless (a) outside counsel for the party asserting confidentiality waives the claim of confidentiality, or (b) the Court orders such disclosure.

8. With respect to any depositions that involve a disclosure of Confidential material or Attorneys' Eyes Only material of a party or non-party, such party or non-party shall designate the transcript as containing Confidential material or Attorneys' Eyes Only material, or both, shall have until thirty (30) days after receipt of the deposition transcript within which specifically to inform all other parties or non-parties of which portions of the transcript are to be designated Confidential or Attorneys' Eyes Only, which period may be extended by agreement of the parties. No such deposition transcript shall be disclosed to any individual other than the individuals described in Paragraph 4(a), (b), (c), (d) and (f) for Confidential material, or Paragraph 6 for Attorneys' Eyes Only material, and the deponent during these thirty (30) days, or the agreed to time period, and no individual attending such a deposition shall disclose the contents of the deposition to any individual other than those described in Paragraph 4(a), (b), (c), (d) and (f), or Paragraph 6 for Attorneys' Eyes Only material, during said thirty (30) days, or the agreed to time period. Upon being informed that certain portions of a deposition are to be designated as Confidential, or Attorneys' Eyes Only, all parties shall immediately cause each copy of the transcript in its custody or control to be appropriately marked and limit disclosure of that transcript in accordance with Paragraphs 4 and 5 or Paragraphs 6 and 7, respectively.

9. At any time, a party may designate a document as confidential that has already been produced and was not initially designated as confidential by notifying, in writing, all other parties that the Discovery Material constitutes Confidential Discovery Material.

10. If counsel for a party receiving documents or information designated as Confidential or Attorneys' Eyes Only hereunder objects to such designation of any or all of such items, the following procedure shall apply:

a. Counsel for the objecting party (the "Objecting Party") shall notify the Designating Party in writing of its objection which shall identiy the specific Discovery Material at

issue and basis for the objection, and the parties shall meet and confer to attempt to resolve the dispute.

b. If a dispute as to a Confidential or Attorneys' Eyes Only designation of a document or item of information cannot be resolved by agreement, within thirty (30) days of the attempt to confer in good faith, the party challenging the designation shall present the dispute to the Court by letter, before filing a formal motion for an order regarding the challenged designation. The document or information that is the subject of the filing shall be treated as originally designated pending judicial resolution of the dispute.

11. A party who seeks to file with the Court Discovery Material that has been previously designated as "Confidential," shall do so by seeking leave of the Court to file under seal. The Parties may not file any documents under seal without first obtaining permission from the Court and complying with the Western District of New York Local Rules. The Court retains discretion to determine whether any document should be sealed regardless of the parties' confidential designation of the document. Materials marked "Confidential" or for "Attorneys' Eyes Only" shall not be filed in open court before taking the following steps:

a. Prior to making such a motion to file under seal, the party seeking to include Confidential Discovery Material in a filing shall provide all other parties with at least 2 days written or electronic notice of its intent to file such material with the Court by outlining the scope of the material sought to be filed.

b. The party who marked the material(s) "Confidential" or "Attorneys' Eyes Only" shall have the discretion of allowing portions of such material(s) to be filed without the need of a motion to seal applying to the material(s) in their entirety or if certain redactions can be agreed upon. If redactions can be agreed upon, the parties will inform the Court of such redactions.

c. In a motion to file under seal, the moving party shall indicate whether any party objected to all or part of the sealing, and include a proposed public version of the filing containing redactions of all Confidential Discovery Material that the party believes should be sealed for good cause. The Court shall then determine whether there is good cause for filing the information under seal. With regard to any information that the Court finds was properly designated as Confidential Discovery Material and should be filed under seal, the moving party shall file under seal an unredacted version of the filing and submit the same to opposing counsel.

12. Any party may file a motion to unseal a sealed filing at any time.

13. If the need arises during trial or in any application to/at any hearing before the Court for any party to disclose Confidential or Attorneys' Eyes Only information, it may do so only after giving notice to the producing party, and as directed by the Court.

14. If a party learns that material that party received in discovery pursuant to this Confidentiality Order has been the subject of a data breach, that party must promptly notify the producing party of the breach, and cooperate with that party to address the breach.

15. To the extent consistent with applicable law, the inadvertent or unintentional disclosure of Confidential material or Attorneys' Eyes Only material that should have been designated as such, regardless of whether the information, document or thing was so designated at the time of disclosure, shall not be deemed a waiver in whole or in part of a party's claim of confidentiality, either as to the specific information, document or thing disclosed, or as to any other material or information concerning the same or related subject matter. Within a reasonable time after disclosure such inadvertent or unintentional disclosure may be rectified by notifying, in writing, counsel for all parties to whom the material was disclosed that the material should have been designated Confidential or Attorneys' Eyes Only. Such notice shall constitute a designation of the information, document or thing as Confidential or Attorneys' Eyes Only under this Discovery Confidentiality Order.

16. The inadvertent or mistaken production of any information, document, or thing protected by attorney-client privilege or work-product immunity in this litigation shall not constitute a waiver of any attorney-client privilege or work-product protection that may be asserted by the producing party either in this case or in any other federal or state proceeding. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d). When the inadvertent or mistaken production or disclosure of any information, document, or thing protected by attorney-client privilege or work-product protection is discovered by or brought to the attention of the producing party, the treatment of such material shall be in accordance with Federal Rule of Civil Procedure 26(b)(5)(B). That treatment shall be deemed to comply with any obligations the producing party would otherwise have had pursuant to Fed. R. Evid. 502(b) or under the common law. However, nothing herein restricts the right of the receiving party to challenge the producing party's claim of attorney-client privilege or work-product protection within a reasonable time after receiving notice of the inadvertent or mistaken production or disclosure of any information, document, or thing that is subject to a claim of attorney-client privilege or work-product protection.

17. If a non-party serves a party in this action with a request, subpoena, or order ("demand") for disclosure of Confidential or Attorneys' Eyes Only material, the party receiving the demand, if not prohibited under applicable law, shall promptly deliver a copy of the demand to the designating party's counsel, and shall notify the party who served the request that some or all of the materials sought by the request are subject to this Confidentiality Order. The party receiving the demand shall not disclose any Confidential or Attorneys' Eyes Only material prior to the date specified for disclosure, or prior to resolution of any dispute regarding production of

such material in response to the request, whichever is later. In its sole discretion and at its own cost, the designating party may oppose or seek to limit the demand in any legal manner.

18. No information that is in the public domain, or which is already known by the receiving party through proper means, or which is or becomes available to a party from a source other than the party asserting confidentiality, rightfully in possession of such information on a non-confidential basis, shall be deemed or considered to be Confidential material or Attorneys' Eyes Only material under this Discovery Confidentiality Order.

19. This Discovery Confidentiality Order shall not deprive any party of its right to object to discovery by any other party or on any otherwise permitted ground. This Discovery Confidentiality Order is being entered without prejudice to the right of any party to move the Court for modification or for relief from any of its terms.

20. This Discovery Confidentiality Order shall survive the termination of this action and shall remain in full force and effect unless modified by an Order of this Court, which shall retain jurisdiction over it, or by the written stipulation of the parties filed with the Court.

21. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items or oral or written communications that qualify so that other portions of the material, documents, items or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order. Mass, indiscriminate, or routinized designations are prohibited.

22. The party marking the material(s) as "Confidential" or "Attorneys' Eyes Only" has the ability to withdraw such designation upon written or electronic writing by notifying each Party.

23. The unauthorized copying, dissemination, and/or posting of copies, or the contents, of the above material on the internet or through any form of social media shall constitute a violation of the terms of this order.

**STIPULATED AND AGREED TO BY:**

Dated: March 4, 2026

BELDOCK LEVINE & HOFFMAN LLP
99 Park Avenue, PH Suite/ 26 Floor
New York, NY 10016
(212) 490-0400

Luna Droubi
Marc Cannan
Tala Alfoqaha

FISHER & BYRIALSEN
99 Park Avenue, PH Suite/ 26 Floor
New York, NY 10016
(303) 256-6345

Jane Fisher-Byrialsen
David Fisher

NEWIRTH LINEHAN PLLC
43 West 43rd Street, Suite 160
New York, NY 10036
(917) 426-5551

Karen Newirth
Charles Linehan

*Attorneys for Plaintiff Renay Lynch*

Dated: 3/4/26

HURWITZ FINE, P.C.
1300 Liberty Building
Buffalo, New York 14202
Telephone: (716) 849-8900
Facsimile: (716) 855-0874

Jeremiah E. Lenihan

Michael F. Perley, Esq.
Jeremiah E. Lenihan, Esq.
*Attorneys for Amherst, Melton, LaCorte, and Klimczak*

Dated: 3/4/26

LIPPES MATHIAS LLP
50 Fountain Plaza, Suite 1700
Buffalo, New York 14202

Jennifer C. Persico, Esq.
Brian C. Mahoney, Esq.
Kirstie A. Means, Esq.
*Attorneys for Defendant, County of Erie*

SO ORDERED

Hon. Jeremiah J. McCarthy
United States Magistrate Judge
Dated: MARCH 5, 2026

**EXHIBIT A**

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

---------------------------------------------------------------- X

RENAY LYNCH,

Plaintiff,

-against-

The TOWN OF AMHERST, Michael J. Melton, Joseph LaCorte, Raymond Klimczak, COUNTY OF ERIE,

Defendants.

---------------------------------------------------------------- X

**1:25-cv-00075-LJV-JJM**

I, ________________________________, being duly sworn, state that:

1. My address is ______________________________________________.

2. My present employer is ______________________________ and the address of my present employment is ______________________________________________.

3. My present occupation or job description is ______________________________.

4. I have carefully read and understood the provisions of the attached Discovery Confidentiality Order in this case signed by the Court on ______________________________, and I will comply with all provisions of the Discovery Confidentiality Order.

5. I will hold in confidence and not disclose to anyone not qualified under the Discovery Confidentiality Order any Confidential material [or Attorneys' Eyes Only material] or any words, summaries, abstracts, or indices of Confidential material [or Attorneys' Eyes Only material] disclosed to me.

6. I will limit use of Confidential material [and Attorneys' Eyes Only material] disclosed to me solely for purpose of this action.

7. No later than the final conclusion of the case, I will return all Confidential material [and Attorneys' Eyes Only material], including summaries, abstracts, and indices thereof, which come into my possession, and documents or things which I have prepared relating thereto, to counsel for the party for whom I was employed or retained.

I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

Dated: ____________ ________________________________

[Name]