

April 9, 2026

**VIA ECF**
Hon. Jeremiah J. McCarthy
United States Magistrate Judge
Western District of New York
2 Niagara Square
Buffalo, New York 14202

     Re:    *Lynch v. Town of Amherst, et al.*, No. 1:25-cv-0075 (LJV)(JJM)

Dear Judge McCarthy:

We write to bring to the Court's attention a dispute between the parties regarding paragraph 5 of the Case Management Order (Dkt. 37) and the propriety of Plaintiff's First Amended Complaint (Dkt. 63), filed on April 2, 2026.

Paragraph 5 of the Case Management Order provides that "[a]ll motions or stipulations to join other parties and to amend or supplement the pleadings shall be filed within 45 days of Judge Vilardo's decision on the motions to dismiss [14, 18]." Judge Vilardo issued his decision on February 20, 2026 (Dkt. 45), making the 45-day deadline April 6, 2026. Plaintiff filed her First Amended Complaint on April 2, 2026 — four days before the deadline expired.

Plaintiff filed the amended complaint based on her reading of paragraph 5, together with counsel's notes of the October 24, 2025 scheduling conference, which we understood to provide that the parties could amend the pleadings as of right within 45 days of the decision on the motions to dismiss. Defendants disagree. On April 7, 2026 — the day after the 45-day window had closed — counsel for Erie County wrote to assert that the amended complaint is a "nullity" because Plaintiff did not first obtain leave of court or a stipulation from opposing counsel under Fed. R. Civ. P. 15(a)(2). Counsel for the Town of Amherst has joined in that position.

We note that Defendants received notice of the filing on April 2, 2026, when it appeared on the docket, yet waited until after the 45-day deadline had passed to raise any objection to the manner in which the amended complaint was filed. Had Defendants alerted us to their reading of paragraph 5 while the deadline was still open, we could have sought leave of court or a stipulation within the time permitted by the Case Management Order. It would be fundamentally unfair to permit Defendants to sit on their objection until after the deadline expired and then use the lapsed deadline to preclude the amendment entirely.

We have conferred with counsel for both defendants, and neither is willing to stipulate to the amended complaint at this time.

We respectfully ask the Court to clarify paragraph 5 of the Case Management Order. If the Court's intent was that the parties could amend as of right within 45 days of the decision on the motions to dismiss, no further action is needed and the amended complaint stands as filed. If, however, paragraph 5 requires a motion for leave or stipulation, we respectfully request one week from the date of the Court's ruling on this letter to file a motion for leave to amend the complaint nunc pro tunc to its April 2 filing. In the alternative, we ask that the Court extend the deadline to file an amended complaint to permit Plaintiff to do so on motion.

We submit that good cause exists for any such relief. Plaintiff filed the amended complaint in good-faith reliance on the Case Management Order and the discussion at the October 24, 2025 conference, within the 45-day deadline. The amendments address issues that have arisen since the filing of the original complaint and which were addressed in the Court's decision on the motions to dismiss.

Additionally, we believe that leave to amend would be granted on the merits, should the Court require a motion for leave to amend. The amendments arise from the same facts already at issue and arise from facts that have emerged since the filing of the Complaint, including former District Attorney Flynn's March 2025 public statements concerning the vacatur of Ms. Lynch's conviction; the Court's decision on the motions to dismiss; and the State's motion to dismiss Ms. Lynch's Section 8-b claim before New York's Court of Claims on March 10, 2026. The amendments fall into three categories: (1) factual clarifications concerning the conduct of various individuals, including former district attorneys Sedita and Flynn who were referenced but not explicitly named in the Complaint and have now been identified throughout by name; (2) the addition of new party the Estate of John B. Askey, the former APD Police Chief at the time of the investigation, who was only identified in Defendant Town of Amherst's Interrogatory Responses on March 13, 2026; (3) a repleaded cause of action against the County (respondeat superior) and three new causes of action: an access to courts claim based on plaintiff's apparent loss of access to the Court of Claims; a federal civil conspiracy claim relating to the same conduct alleged in the complaint together with post-filing statements by former District Attorney Flynn; and a New York State Constitution Due Process claim.

Rule 15(a) provides that a court "should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). "[I]f the plaintiff has at least colorable grounds for relief, justice does so require unless the plaintiff is guilty of undue delay or bad faith or unless permission to amend would unduly prejudice the opposing party." *S.S. Silberblatt, Inc. v. E. Harlem Pilot Block--Bldg. 1 Hous. Dev. Fund Co.*, 608 F.2d 28, 42 (2d Cir. 1979). Ms. Lynch's amendments are timely — she filed the First Amended Complaint on April 2, 2026, within the 45-day window established by the Case Management Order and well within the three year statute of limitations for the new claims. Nor can Defendants claim undue prejudice. In examining prejudice, a court considers whether the proposed amendment would "(i) require the opponent to expend significant additional resources to conduct discovery and prepare for trial; [or] (ii) significantly delay the resolution of the dispute." *Monahan v. N.Y.C. Dep't of Corr.*, 214 F.3d 275, 284 (2d Cir. 2000). Courts also consider the procedural posture of the case. *Id.* Here, Defendants have not produced discovery. Counsel for the Town of Amherst Defendants and Erie County have been involved in this case since its inception and are already familiar with the operative facts. The Second Circuit has required courts to allow amendment at far later stages. *See S.S. Silberblatt*

*Inc.*, 608 F.2d at 42 (reversing denial of leave to amend where two years of discovery had already taken place). There is no prejudice or undue delay that should overcome the presumption that leave to amend be freely given.

We are also available for a conference at the Court's convenience should the Court wish to address this matter further.

Very truly yours,

Karen A. Newirth
Jane Fisher-Byrialsen
Luna Droubi
*Counsel for Plaintiff*

cc: All counsel of record (via ECF)