

April 9, 2026

<u>VIA ECF</u>

Hon. Jeremiah J. McCarthy
United States Magistrate Judge
Western District of New York
Robert H. Jackson United States Courthouse
2 Niagara Square Buffalo, NY 14202

Re:    *Lynch v. Town of Amherst, et al.*
       Case No. 25-CV-00075

Dear Judge McCarthy:

We write on behalf of the County of Erie (the "County") to briefly respond to Plaintiff's correspondence dated April 9, 2026, filed at Dkt. 67.

Plaintiff's implication that we somehow improperly and/or intentionally waited until April 7, 2026 to object to the filing of her Amended Complaint, thereby depriving her the opportunity to seek leave of Court or a stipulation during the four intervening days is baseless.  Plaintiff filed her 177 page Amended Complaint on Thursday, April 2, 2026 at 8:17 p.m. The next day was Good Friday followed by Saturday, April 4th and Easter Sunday, April 5th. We reviewed the submission, and assessed its overall timeliness, as soon as reasonably practicable, and rather than simply proceed with a motion to strike, attempted to address this issue amongst counsel. Plaintiff's insinuation that we were obligated to do something beyond this lacks merit.

Indeed, because the Amended Complaint was not redlined, we had to compare its 638 paragraphs with the Original Complaint to even get a baseline understanding of the submission. We have an obligation to our client to review the Amended Complaint in detail since it significantly expands allegations, makes new claims and re-inserts previously dismissed claims. As a result, the County is not in a position to stipulate to Plaintiff's Amended Complaint at this time.

There is no need for clarification of the Case Management Order; paragraph 5 is unambiguous, and states that "[a]ll motions or stipulations to join other parties and to amend or supplement the pleadings shall be filed within 45 days of Judge Vilardo's decision on the motions to dismiss." Nevertheless, Plaintiff is free to, and has, requested leave to move to amend.  The County does not oppose Plaintiff's request for leave to file a motion to amend. While we have not yet received that application, we anticipate, as indicated above, that we will oppose the amendment.

Finally, we note that the filing of the Amended Complaint while the County's motion for reconsideration (Dkt. 59) is pending raises the additional question of its impact on that application and the underlying Decision and Order on defendants' motions to dismiss (Dkts. 14, 18) the original complaint (Dkt. 1).

Kirstie A. Means  |  Partner  |  kmeans@lippes.com

50 Fountain Plaza, Suite 1700, Buffalo, NY 14202   **Phone:** 716.853.5100   **Fax:** 716.853.5199   **lippes.com**
**New York:** Albany, Buffalo, Clarence, Long Island, New York City, Rochester, Saratoga Springs, Syracuse  //  **Florida:** Jacksonville, West Palm Beach
**Illinois:** Chicago  //  **Ohio:** Cleveland  //  **Oklahoma:** Oklahoma City  //  **Ontario:** Greater Toronto Area  //  **Texas:** San Antonio  //  **Washington, D.C.**



We appreciate the Court scheduling a conference so quickly and look forward to discussing the issues on Monday.

Very truly yours,

LIPPES MATHIAS LLP

Kirstie A. Means

KAM/smk

Cc:      All counsel of record via ECF.