UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

RENAY LYNCH,

       Plaintiff,

     v.

THE TOWN OF AMHERST et al.,

       Defendants.

---

25-CV-75-LJV-JJM
DECISION & ORDER

This case stems from the 1998 wrongful conviction of the plaintiff, Renay Lynch, for the 1995 killing of Louise Cicelsky.  *See* Docket Item 1 ¶¶ 1, 231.  Lynch "spent over twenty-seven years wrongfully imprisoned or on parole" before her conviction was vacated in 2024.  *See id.* ¶¶ 1, 367-68.  She now brings various claims—including claims under 42 U.S.C. § 1983—against the County of Erie ("Erie County"), whose district attorney's office prosecuted her case; the Town of Amherst, whose police department investigated her case; and Amherst Police Department Captain Michael J. Melton, Lieutenant Joseph LaCorte, and Detective Raymond Klimczak.  *See id.* ¶¶ 30-34.

Before the Court is Erie County's motion for reconsideration and clarification of this Court's decision denying Erie County's motion to dismiss Lynch's section 1983 claims under *Monell v. Department of Social Services,* 436 U.S. 658 (1978).  Docket Item 59.  More specifically, Erie "County seeks reconsideration of the viability of [Lynch]'s allegations of a post-conviction *Brady* violation" based on Assistant District Attorney Frank Sedita III's allegedly continuing to withhold *Brady* material when he later

became the Erie County District Attorney.  Docket Item 59-1 at 5.[1]  Erie County also

"seeks to clarify and requests confirmation that [Lynch]'s *Monell* claim is limited to the

theories specifically identified in" this Court's decision and order and does not include

"any *Monell* theory based on [Lynch]'s additional allegation based on post-conviction

conduct on the part of former District Attorney John Flynn in or around 2020."  *Id.* at 5-6.

After careful consideration, this Court denies Erie County's motion for the

reasons that follow.

### **DISCUSSION**[2]

"A motion for reconsideration is an extraordinary request that is granted only in

rare circumstances, such as where the court failed to consider evidence or binding

authority."  *Van Buskirk v. United Grp. of Cos.,* 935 F.3d 49, 54 (2d Cir. 2019).  Thus,

"reconsideration will generally be denied unless the moving party can point to controlling

decisions or data that the court overlooked—matters, in other words, that might

reasonably be expected to alter the conclusion reached by the court."  *Shrader v. CSX*

*Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995).  Erie County fails to meet that high bar.

### I.    MOTION FOR RECONSIDERATION OF *MONELL* CLAIM BASED ON POST-CONVICTION *BRADY* VIOLATION

This Court previously found that Lynch's allegation that Sedita continued to

withhold *Brady* material when he later became the Erie County District Attorney—and

---

[1] Page numbers in docket citations refer to ECF pagination.

[2] The Court assumes the reader's familiarity with the allegations in the complaint, Docket Item 1, and will refer only to the facts necessary to explain its decision.

therefore a policymaker—was sufficient to support a *Monell* claim at the pleading stage. Docket Item 45 at 10.  Erie County says that this ruling runs afoul of the Supreme Court's decision in *District Attorney's Office for Third Judicial District v. Osborne*, 557 U.S. 52, 69 (2009).  *See* Docket Item 59-1 at 7-9.  This Court disagrees.

*Osborne* "held that *Brady* does not require disclosure of exculpatory evidence—such as DNA testing—that was or could be *created after* trial."  *Collins v. City of New York*, 923 F. Supp. 2d 462, 474 (E.D.N.Y. 2013) (emphasis added) (citing *Osborne*, 557 U.S. at 68-69).  In contrast, Lynch's *Brady* claim "involves nondisclosure of evidence in existence at the time of trial," so "*Osborne* does not apply."  *See id.*[3]  Rather, as the Seventh Circuit has explained:

> For evidence *known to the state at the time of the trial*, the duty to disclose extends throughout the legal proceedings that may affect either guilt or punishment, *including post-conviction proceedings.*  Put differently, the taint on the trial that took place continues throughout the proceedings, and thus the duty to disclose and allow correction of that taint continues.  We cannot accept . . . that *Brady* leaves state officials free to conceal evidence from reviewing courts or post-conviction courts with impunity, even if that concealment results in the wrongful conviction of an innocent person.

*Steidl v. Fermon*, 494 F.3d 623, 630 (7th Cir. 2007) (emphasis added).

In contrast, in the cases on which Erie County relies, the evidence was obtained by the government only *after* conviction—squarely the situation covered by *Osborne*. *See Imbler v. Pachtman*, 424 U.S. 409, 412-13 (1976) (new evidence discovered post-conviction corroborating defendant's alibi and undermining credibility of key prosecution

---

[3] Erie County argues that *Collins* was wrongly decided because it relied on *Steidl v. Fermon*, 494 F.3d 623, 630 (7th Cir. 2007), which pre-dated *Osborne*.  Docket Item 70 at 4.  But as noted above, *Osborne* concerned evidence that *came to light* after the trial concluded; it therefore did not address the situation in *Collins*, *Steidl*, and here where prosecutors allegedly knew about the information at issue at the time of trial but did not disclose it before, during, or after trial.

witness); *Seri v. Bochicchio*, 374 F. App'x 114, 116 (2d Cir. 2010) (summary order) (fingerprint evidence discovered after defendant had been convicted); *Peoples v. Margulis*, 2023 WL 7283732, at *4 (E.D.N.Y. Nov. 3, 2023) (post-conviction evidence potentially bearing on validity of the conviction); *Pierre v. City of Rochester*, 2018 WL 10072453, at *2 (W.D.N.Y. Sep. 7, 2018) (post-conviction evidence suggesting third party was perpetrator); *Ermichine v. United States*, 2011 WL 1842951, at *1 (S.D.N.Y. May 12, 2011) (post-conviction discovery of purportedly exculpatory statements made post-conviction).  Thus, those cases are inapposite.

For all those reasons, this Court declines to reconsider its prior ruling on this issue.

## II.    MOTION FOR CLARIFICATION

Erie County next seeks to clarify that Lynch's "*Monell* claim is limited to the theories specifically identified in" this Court's decision and order and does not include Flynn's alleged conduct in 2020.  *See* Docket Item 59-1 at 10-12.  Lynch counters that no clarification is necessary because this Court's decision was "not ambiguous on this point; it found that [Lynch] carried her burden of plausibly pleading *Monell* claims, which is all that is required at this juncture."  Docket Item 62 at 11.  This Court agrees with Lynch that it need not define the precise contours of her *Monell* claim at this stage. *See, e.g.*, *Rosenfeld v. Lenich*, 370 F. Supp. 3d 335, 355 (E.D.N.Y. 2019) ("Since the *Monell* claim survives on this ground, the court need not consider whether [p]laintiff sufficiently alleged her other purported basis for this claim . . . ."); *Canner v. City of Long Beach*, 2015 WL 4926014, at *7 (E.D.N.Y. Aug. 18, 2015) (similar).  Erie County can

raise any concerns about discovery requests related to Flynn's alleged actions through discovery conferences and, if necessary, appropriate motion practice.

## **CONCLUSION**

For all those reasons, Erie County's motion for reconsideration and clarification, Docket Item 59, is DENIED.

SO ORDERED.

Dated:   June 18, 2026
            Buffalo, New York


                                         */s/ Lawrence J. Vilardo*
                                        LAWRENCE J. VILARDO
                                        UNITED STATES DISTRICT JUDGE