**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

RENAY LYNCH,

                          Plaintiff

          v.

The TOWN OF AMHERST, Michael J. Melton, Joseph
LaCorte, Raymond Klimczak, and the COUNTY OF
ERIE, et al.,

                          Defendants.

**DECLARATION OF KAREN A. NEWIRTH IN SUPPORT OF PLAINTIFF'S MOTION FOR LEAVE TO FILE A FIRST AMENDED COMPLAINT**


**Case No. 25-cv-75 (LJV)(JJM)**

        KAREN A. NEWIRTH, pursuant to 28 U.S.C. § 1746, declares under penalty of perjury

that the following is true and correct:

        1.      I am a member of Newirth Linehan PLLC, one of the firms representing Plaintiff

Renay Lynch in this action. I am fully familiar with the facts set forth below based on my personal

knowledge and my review of the case file, and I submit this declaration in support of Plaintiff's

motion, under Rule 15(a)(2) of the Federal Rules of Civil Procedure, for leave to file the proposed

First Amended Complaint (hereinafter, 1AC) annexed hereto as Exhibit A.

        2.      Annexed hereto as Exhibit B is a redline comparing the proposed 1AC to the

operative Complaint (Dkt. 1).

        3.      This is an action under 42 U.S.C. § 1983 and New York law arising from the

wrongful arrest, prosecution, and conviction of Renay Lynch for the 1995 murder of Louise

Cicelsky—a crime Ms. Lynch did not commit—and her resulting imprisonment and parole

supervision spanning more than twenty-seven years. Ms. Lynch's conviction was vacated and her

indictment dismissed on January 5, 2024.

        4.      Plaintiff commenced this action on January 23, 2025 by filing a complaint asserting

sixteen causes of action (Dkt. 1) against the Town of Amherst; Amherst Police Department

("APD") Captain Michael J. Melton, Lieutenant Joseph LaCorte, and Detective Raymond Klimczak; and the County of Erie, whose District Attorney's Office prosecuted Ms. Lynch.

5.    On October 24, 2025, the Court entered a Case Management Order (Dkt. 37). Paragraph 5 of that Order set a deadline for motions or stipulations to join additional parties or to amend the pleadings of forty-five days after the Court's decision on the motions to dismiss.

6.    The Town of Amherst and the County of Erie each moved to dismiss the Complaint (Dkts. 14 and 18, respectively).

7.    Plaintiff opposed each motion to dismiss. (Dkts. 22 (Town) and 23 (County)). Plaintiff expressly reserved the right to amend any claim to cure any deficiency identified by the Court. *See* Dkt. 22 at 22; Dkt. 23 at 30 *citing Ronzani v. Sanofi S.A.*, 899 F.2d 195, 198 (2d Cir. 1990).

8.    Following full briefing and oral argument, by Decision and Order dated February 20, 2026 (Dkt. 45), the Honorable Lawrence J. Vilardo denied the Amherst Defendants' motion in full and denied the County of Erie's motion except as to the single cause of action for respondeat superior asserted against the County, which the Court dismissed.

9.    On March 10, 2026, in the related action filed by Ms. Lynch pursuant to Section 8-b of the New York Court of Claims Act, "Claims for Unjust Conviction and Imprisonment," New York State moved to dismiss Ms. Lynch's claim based in part on the grounds that Ms. Lynch's conviction was not vacated pursuant to one of the subsections of CPL § 440.10(1) that is explicitly covered by Section 8-b.

10.    On March 20, 2026, the County of Erie moved for reconsideration and clarification of the February 20, 2026 Decision and Order (Dkt. 59). Plaintiff opposed (Dkt. 62).

11.     On April 2, 2026—within the forty-five-day window set by Paragraph 5 of the Case Management Order—Plaintiff filed a First Amended Complaint (Dkt. 63).

12.     By email to Plaintiff on April 7, 2026, the County of Erie asserted that the First Amended Complaint was a nullity because Plaintiff had not obtained leave of Court or Defendants' consent; the Amherst Defendants joined in that position. In response, Plaintiff explained that her reading of the Case Management Order did not require either leave of Court or the consent of parties, and informed Defendants that Plaintiff would seek clarification from the Court.

13.     On April 9, 2026, Plaintiff filed a letter seeking clarification of the Case Management Order as applied to the First Amended Complaint filed on April 2, 2026. (Dkt. 67). Defendants responded. (Dkt. 69). A status conference was held on April 13, 2026, where the Court resolved the dispute, deeming the First Amended Complaint filed on April 2, 2026 (Dkt. 63) a nullity and ordering that any motion seeking leave to amend the pleadings be filed within seven days of District Judge Vilardo's decision on the County of Erie's reconsideration motion. (Dkt. 72).

14.     On June 18, 2026, the Court (Vilardo, J.) denied the County of Erie's motion for reconsideration and clarification in full. (Dkt. 78). That decision triggered the seven-day period set by the Court's April 13 order, giving Plaintiff until June 25, 2026, to move to amend her complaint, making this motion timely.

15.     The proposed amendments fall into four categories. First, the proposed 1AC adds as a defendant the Estate of John B. Askey—the Chief of the APD during the investigation, whose identity and role the Town of Amherst disclosed in its March 13, 2026 interrogatory responses. Second, the proposed 1AC clarifies and adds causes of action that arise from the same operative facts already pleaded, including a claim for denial of the right of access to the courts arising from

the apparent loss of Ms. Lynch's state-law remedy under Court of Claims Act Section 8-b; and a claim for federal civil conspiracy. Third, the proposed 1AC repleads the respondeat superior allegations against the County, curing the deficiencies identified through the motion to dismiss practice, including oral argument, and the Court's resulting decision. Fourth, the proposed pleading makes conforming and streamlining edits.

16.    The additional facts alleged in the proposed 1AC are true or, where so stated, are alleged upon information and belief.

17.    As of the filing of this declaration, Plaintiff has produced over 20,000 pages of discovery. In contrast, the County has only produced 1500 pages of Rule 26 discovery, comprised solely of transcripts from the underlying criminal action. The County has produced no police-prepared documents, no ECDA prosecutorial file, no *Brady* or *Giglio* materials, no witness-inducement records, no Conviction Integrity Unit reinvestigation materials, and no police-ECDA correspondence, as Plaintiff demanded. The County objected to all of Plaintiff's interrogatories and document demands without providing any substantive answer.

18.    Defendant County of Erie does not consent to the proposed amendment. Defendant Town of Amherst, Michael J. Melton, Joseph LaCorte, Raymond Klimczak did not respond to repeated requests for their position.

WHEREFORE, Plaintiff respectfully requests that the Court grant her motion, pursuant to Rule 15(a)(2), for leave to file the proposed First Amended Complaint annexed as Exhibit A, and grant such other and further relief as the Court deems just and proper.

Dated: June 25, 2026
     New York, New York

_____
Karen A. Newirth
NEWIRTH LINEHAN PLLC
99 Park Avenue, PH
New York, NY 10016
(917) 426-5551

*Attorneys for Plaintiff Renay Lynch*

5