UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

RENAY LYNCH,

                    Plaintiff

          v.

The TOWN OF AMHERST, Michael J. Melton, Joseph
LaCorte, Raymond Klimczak, and the COUNTY OF
ERIE, et al.,

                    Defendants.

**Case No. 25-cv-75 (LJV)(JJM)**


**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR LEAVE TO
FILE A FIRST AMENDED COMPLAINT**


**FISHER & BYRIALSEN PLLC**
99 Park Avenue, PH Suite / 26th Floor
New York, NY 10016
(303) 256-6345


**BELDOCK LEVINE & HOFFMAN LLP**
99 Park Avenue, PH Suite / 26th Floor
New York, NY 10016
(212) 490-0400


**NEWIRTH LINEHAN PLLC**
99 Park Avenue, PH
New York, NY 10036
(917) 426-5551

*Attorneys for Plaintiff Renay Lynch*

## PRELIMINARY STATEMENT

Plaintiff Renay Lynch respectfully submits this memorandum in support of her motion, pursuant to Rule 15(a)(2) of the Federal Rules of Civil Procedure, for leave to file the proposed First Amended Complaint annexed as Exhibit A to the accompanying Declaration of Karen A. Newirth (the "Newirth Declaration" or "Newirth Decl."). A redline comparing the proposed pleading to the operative complaint is annexed as Exhibit B to the Newirth Declaration.

The amendment Plaintiff seeks is filed in accordance with this Court's April 13, 2026 order, modifying the Case Management Order. Following the April 13 conference, the Court ordered that any motion seeking leave to amend the pleadings be filed within seven days of Judge Vilardo's decision on the County of Erie's motion for reconsideration. Dkt. 72; Newirth Decl. ¶ 13. That decision, in which the Court denied the County's motion in full, was issued on June 18, 2026 (Dkt. 78), making the amended complaint and accompanying motion due June 25, 2026. Newirth Decl. ¶ 14.

The proposed First Amended Complaint (1AC, attached hereto as Exhibit A) arises from the same wrongful arrest, prosecution, conviction, and incarceration that has been at the center of this case since it was filed. It adds a single defendant whose identity and role the Town of Amherst disclosed in discovery—John B. Askey, the Chief of the APD during the investigation into Ms. Cicelsky's murder—and it clarifies and conforms Plaintiff's claims to the facts already pleaded and to this Court's February 20, 2026, ruling. Newirth Decl. ¶¶ 8, 15. It adds two new and timely claims arising under these facts—a denial of access to the courts claim and a federal civil conspiracy claim—and repleads the Respondeat Superior claim against the County, curing identified deficiencies. *Id.* ¶ 15.

1

None of the considerations that can justify denying leave to amend—undue delay, bad faith, undue prejudice, or futility—is present. The motion should thus be granted.

## ARGUMENT

### I.    Rule 15(a)(2) Requires That Leave to Amend Be Freely Granted.

Rule 15(a)(2) provides that, where a party may no longer amend as a matter of right, "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). The Supreme Court has instructed that this "mandate is to be heeded," and that leave should be granted absent "any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

The Second Circuit applies that standard with a "strong preference for resolving disputes on the merits." *Williams v. Citigroup Inc.*, 659 F.3d 208, 212–13 (2d Cir. 2011) (per curiam) (cleaned up); *accord Loreley Fin. (Jersey) No. 3 Ltd. v. Wells Fargo Sec., LLC*, 797 F.3d 160, 191 (2d Cir. 2015) (describing the "liberal spirit of Rule 15"). Leave may be denied where amendment "is unlikely to be productive"; absent such a reason, a request to replead should be granted. *Lucente v. Int'l Bus. Machs. Corp.*, 310 F.3d 243, 258 (2d Cir. 2002) (cleaned up); *see Grullon v. City of New Haven*, 720 F.3d 133, 139–40 (2d Cir. 2013); *Pangburn v. Culbertson*, 200 F.3d 65, 70–71 (2d Cir. 1999).

The party opposing amendment "bears the burden of establishing that an amendment would be prejudicial." *Gonzalez v. City of Rochester*, No. 16-CV-6652L, 2020 U.S. Dist. LEXIS 154973, at *8 (W.D.N.Y. Aug. 26, 2020) And, "[m]ere delay, . . . absent a showing of bad faith or undue prejudice, does not provide a basis for a district court to deny the right to amend." *State Teachers*

2

*Ret. Bd. v. Fluor Corp.*, 654 F.2d 843, 856 (2d Cir. 1981). None of the *Foman* factors are present here.

## II.    Plaintiff Has Not Delayed Her Motion to Amend and Seeks Leave in Good Faith.

Plaintiff originally filed her 1AC on April 2, 2026. On April 13, 2026, the Court declared the previously filed 1AC a nullity and directed that any motion seeking leave to amend be filed within seven days of its ruling on the County's then-pending reconsideration motion. Newirth Decl. ¶¶ 11–13. Plaintiff now files this motion within that court-ordered period. *Id*. ¶ 14. While the previously filed 1AC is a legal nullity, the timing of its filing bears on the absence of any delay on Plaintiff's part in seeking to amend the Complaint.

Although plaintiffs "need not prove that they uncovered new facts or law" to receive leave to amend*,* that is precisely what occurred here. *Affiliated FM Insurance Co. v. Liberty Mechanical Contractors, Inc.,* No. 12 Civ. 5160, 2013 U.S. Dist. LEXIS 122030, at *5 (S.D.N.Y. Aug. 27, 2013). The previously filed 1AC was filed two weeks after the Town of Amherst first disclosed the identity and role of John Askey, APD's Chief during the relevant period, in response to Plaintiff's interrogatories. Newirth Decl. ¶ 15. This new information led Plaintiff to seek to amend the Complaint by adding the Estate of John Askey as a defendant. *See* Ex. A ¶ 31; Dkt. 63 ¶ 31. The previously filed 1AC was also filed just over two weeks from March 10, 2026, when the State moved to dismiss her Section 8-b Claim in the Court of Claims, claiming in part that her conviction had not been vacated on one of the subsections of CPL § 440.10(1) covered by Section 8-b of the Court of Claims Act. Newirth Decl. ¶ 9. The State's motion to dismiss caused Plaintiff to seek to amend her complaint by adding a new access-to-courts claim. *See* Ex. A ¶¶ 427–447; Dkt. 63 ¶¶ 421–441. Finally, the parties' filings in support of and in opposition to the Defendants' motions to dismiss, oral argument, and the Court's decision led Plaintiff to identify (i) deficiencies in the

3

operative complaint's pleading of the Respondeat Superior claim against the County, (ii) the availability of a federal civil conspiracy claim, and (iii) the need for more explicitly pleaded facts. Within 45 days of the issuance of the Court's decision on the motions to dismiss, Plaintiff sought to amend her complaint to cure these deficiencies and add the federal civil conspiracy claim. See Ex. A ¶¶ 459–472; Dkt. 63 ¶¶ 453–466. All such claims are well within the three year statute of limitations and are therefore timely.

As the foregoing demonstrates, Plaintiff acted promptly on each new piece of information in seeking to amend the Complaint, first on April 2, 2026, and now, within seven days of the Court's decision denying the County's motion for reconsideration of the denial of its motion to dismiss. *Cf. Richardson Greenshields Securities, Inc. v. Lau,* 825 F.2d 647, 653 n. 6 (2d Cir. 1987) (collecting cases where leave to amend granted after delays ranging from two to five years). That the instant motion is filed within the deadline set by the Court in its April 13 order further underscores its timeliness.

## III.    The Amendment Will Not Prejudice Defendants.

Although "[p]rejudice to the opposing party . . . has been described as the most important reason for denying a motion to amend, [] only undue prejudice warrants denial of leave to amend." *Agerbrink v. Model Serv. LLC*, 155 F. Supp. 3d 448, 454 (S.D.N.Y. 2016) (cleaned up)(emphasis in the original). In assessing prejudice, courts ask whether the proposed amendment would "(i) require the opponent to expend significant additional resources to conduct discovery and prepare for trial; [or] (ii) significantly delay the resolution of the dispute." *Monahan v. N.Y.C. Dep't of Corr.*, 214 F.3d 275, 284 (2d Cir. 2000). Neither concern is implicated here.

This case remains at an early stage. The pleadings have only now been settled through the motion-to-dismiss and reconsideration rulings, and fact discovery is in its early phase. Newirth

Decl. ¶¶ 8, 14, 17. The proposed amendments arise from the same operative facts—the investigation of Ms. Cicelsky's murder, Ms. Lynch's coerced false confession, the suppression of the evidence that Kareem Walker was in Florida at the time of the crime and of the forensic evidence tying another man to the scene and exculpating Ms. Lynch, and the decades-long post-conviction concealment—that Defendants have litigated since the case began and that this Court has already examined at length. Adding the Estate of John B. Askey, the APD Chief during that investigation, and clarifying Plaintiff's existing theories will not require Defendants to undertake materially different discovery from what Plaintiff's pending claims already entail. Courts in this Circuit routinely find no undue prejudice where, as here, leave is sought before the close of discovery. *See Agerbrink*, 155 F. Supp. 3d at 454–55. Indeed, the Second Circuit has permitted amendment at far later stages, even where it would require months of additional discovery. *See S.S. Silberblatt, Inc. v. E. Harlem Pilot Block Bldg. 1 Hous. Dev. Fund Co.*, 608 F.2d 28, 42 (2d Cir. 1979). Because Defendants bear the burden on this issue and cannot carry it, the prejudice factor weighs decisively in favor of leave.

### IV.    **The Proposed Amendments Are Not Futile.**

An amendment is futile only if the proposed pleading "could not withstand a motion to dismiss pursuant to Rule 12(b)(6)." *Lucente*, 310 F.3d at 258. That standard is not remotely met. This Court has already sustained the great bulk of Plaintiff's claims at the pleading stage, denying the Amherst Defendants' motion in full and denying the County of Erie's motion except as to a single respondeat superior count. Newirth Decl. ¶ 8. And on June 18, 2026, the Court rejected the County of Erie's renewed attack on Plaintiff's *Monell* claim, holding that Plaintiff's allegation that Assistant District Attorney Frank Sedita III continued to withhold *Brady* material after he became the Erie County District Attorney was sufficient to support a *Monell* claim at the pleading stage,

and declining to limit the contours of Plaintiff's *Monell* claim to any particular theory at this stage. Dkt. 78 at 3–4.

The new access-to-courts and civil-conspiracy claims arise from the same investigation, prosecution, and post-conviction conduct already at issue. These claims are well-plead and easily surpass the lenient plausibility standard. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The access-to-courts claim, in particular, pleads each element of a backward-looking denial-of-access claim: a nonfrivolous underlying claim (Ms. Lynch's claim for compensation under New York Court of Claims Act § 8-b), official action that foreclosed it (the County's conditioning of its support for vacatur on Ms. Lynch's abandonment of the CPL §§ 440.10(1)(b) and (g) grounds that alone could satisfy the § 8-b predicate), and a remedy unavailable in any other presently available suit. *See Christopher v. Harbury*, 536 U.S. 403, 413–15 (2002).

Nor is the repleaded respondeat superior claim against the County futile; the proposed 1AC cures the very defect on which this Court dismissed that claim. Cf. *Thea v. Kleinhandler*, 807 F.3d 492, 496 (2d Cir. 2015) (amendment futile where it fails to correct deficiencies). The original Complaint pleaded no County employee whose tortious conduct could be imputed to the County; it identified only the Defendant Detectives as agents of the Town of Amherst and then asserted County liability in conclusory terms. The proposed 1AC supplies the missing predicate. It identifies the County's agents by name—Frank Sedita III, the Assistant District Attorney who prosecuted Ms. Lynch and later, as District Attorney, oversaw the continued suppression of exculpatory evidence, and John Flynn, the District Attorney who carried that conduct forward—and alleges that each acted as an employee and agent of the County, in furtherance of its prosecutorial functions and within the scope of his employment (Ex. A ¶ 633; *see also* ¶ 14). It pleads the underlying torts those agents committed in that capacity—Sedita's presentation of a

knowingly false narrative to the trial court and jury, his eliciting of and failure to correct false testimony, and his false summation regarding the fingerprint and blood evidence, and Flynn's continued suppression of exculpatory evidence and his materially false public statements (*Id.* ¶ 634; incorporated at ¶ 631). It alleges that this conduct was undertaken on duty, in the performance of routine prosecutorial functions, and not for personal motives (*Id.* ¶ 634), and that the County is therefore liable under respondeat superior for its agents' state-law torts (*Id.* ¶ 635). New York law permits exactly this: a New York county may be held vicariously liable for the torts its employees commit within the scope of their employment. *See Triolo v. Nassau County*, 24 F.4th 98, 110 (2d Cir. 2022). The proposed amendment further pleads a parallel respondeat superior theory holding the County liable for Sedita's and Flynn's violations of the Due Process provisions of the New York State Constitution (Ex. A ¶¶ 637, 639). That state-constitutional claim is not barred by the rule that a state-constitutional tort cannot proceed where an alternative remedy exists: because Section 1983 does not authorize respondeat superior liability against a municipality, see *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978), it furnishes no adequate alternative remedy for a respondeat superior claim against the County, and the claim survives even though the parallel claim against the individual officers would not. *See Harry v. City of New York*, 2022 U.S. Dist. LEXIS 226325, at *15–16 (S.D.N.Y. Dec. 15, 2022). Moreover, in opposing the County's motion to dismiss, Plaintiff expressly requested leave to amend to cure any deficiency the Court might identify in her claims, *see* Dkt. 23 at 30 (citing *Ronzani v. Sanofi S.A.*, 899 F.2d 195, 198 (2d Cir. 1990)), and such leave should be freely given, see *Foman*, 371 U.S. at 182. *Accord* Newirth Decl. ¶ 7. Because the proposed 1AC now specifies identified County tortfeasors, specific tortious acts of those tortfeasors, and the scope-of-employment nexus the original pleading lacked, the amendment is not futile and leave should be granted.

V.    **The Estate of John B. Askey Is Properly Added, and the Claims Against It Are Timely.**

Rule 15(a)(2), together with Rule 21, authorizes the Court to add John Doe as Administrator of the Estate of John B. Askey as a defendant. *See* Fed. R. Civ. P. 21 ("the court may at any time, on just terms, add or drop a party"). The claims Plaintiff asserts against Mr. Askey's Estate are timely. Plaintiff's Section 1983 claims accrued upon the favorable termination of her criminal proceedings—the vacatur of her conviction and dismissal of her indictment on January 5, 2024. *See McDonough v. Smith*, 139 S. Ct. 2149, 2154–55 (2019); *Heck v. Humphrey*, 512 U.S. 477, 489–90 (1994). Those claims are governed by New York's three-year limitations period for personal-injury actions. See *Owens v. Okure*, 488 U.S. 235, 250–51 (1989); *Hogan v. Fischer*, 738 F.3d 509, 517 (2d Cir. 2013). The claims against the Estate are therefore timely without regard to relation back. They also relate back under Rule 15(c) because they arise out of the same conduct, transaction, and occurrence set out in the original pleading and concern the same APD investigation in which Mr. Askey served as Chief. Fed. R. Civ. P. 15(c)(1)(B).

Plaintiff acted promptly once Mr. Askey's role surfaced: the Town of Amherst disclosed it only in its March 13, 2026 interrogatory responses, and Plaintiff moved to add the Estate at the first available opportunity. Newirth Decl. ¶¶ 11–15. Adding the Estate now—at the pleading stage, before substantial discovery—causes no prejudice.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court grant her motion, pursuant to Rule 15(a)(2) of the Federal Rules of Civil Procedure, for leave to file the proposed First Amended Complaint annexed as Exhibit A to the Newirth Declaration, and grant such other and further relief as the Court deems just and proper.

Dated: New York, New York
           June 25, 2026

**FISHER & BYRIALSEN PLLC**
99 Park Avenue, PH Suite / 26th Floor
New York, NY 10016
(303) 256-6345

/s/ Jane Fisher-Byrialsen_____
Jane Fisher-Byrialsen
David Nathan Fisher

**BELDOCK LEVINE & HOFFMAN LLP**
99 Park Avenue, PH Suite / 26th Floor
New York, NY 10016
(212) 490-0400

Luna Droubi
Marc Cannan
Karen Dippold
Tala Alfoqaha

**NEWIRTH LINEHAN PLLC**
99 Park Avenue, PH
New York, NY 10036
(917) 426-5551

Karen A. Newirth
Charles F. Linehan

*Attorneys for Plaintiff Renay Lynch*

9