UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

RENAY LYNCH,

Plaintiff,

vs.                                                              **ATTORNEY DECLARATON**

Case No.:  1:25-CV-00075-LJV

THE TOWN OF AMHERST,
MICHAEL J. MELTON,
JOSEPH LACORTE,
RAYMOND KLIMCZAK, and
THE COUNTY OF ERIE,

Defendants.

MICHAEL F. PERLEY, ESQ., under penalty of perjury and pursuant to 28 U.S.C. § 1746(2), declares the following to be true and correct:

1.      I am an attorney duly licensed in the State of New York, admitted to practice before this Court, and a member of the law firm HURWITZ FINE, P.C., attorneys for Defendants, THE TOWN OF AMHERST ("Amherst"); MICHAEL J. MELTON ("Melton"); JOSEPH LACORTE ("LaCorte"); and RAYMOND KLIMCZAK ("Klimczak") (collectively "Amherst Defendants"). As such I am fully familiar with the facts and circumstances set forth herein.

2.      I make this Declaration in Opposition to Plaintiff's Motion for Leave to Amend their complaint.

**THE APPLICATION OF PLAINTIFF TO AMEND HER COMPLAINT TO ADD "JOHN DOE AS EXECUTOR OF THE ESTATE OF JOHN B. ASKEY," MUST BE DENIED SINCE NO ESTATE OR LEGAL REPRESENTATIVE EXISTS**

3.      Plaintiff is unable to name an Executor or Administrator for the estate of former Chief John B. Askey, who died on May 20, 2023, a resident of Erie County, New York pursuant to readily available public records.  His date of death is confirmed by the obituary from Beach

1

Tuyn Funeral Home published in the Buffalo News on May 28, 2023. A redacted copy of the notice is attached hereto as **EXHIBIT A**.

4. Once the domicile of Mr. Askey's was determined through the public record search, your Declarant conducted a search of Surrogate's Court records for Erie County, the proper venue in which any Estate would be opened on behalf of Mr. Askey pursuant to Surrogates Court Procedure Act §205(1). Upon placing that inquiry, it was reported that no file records are found. A copy of the report from NYSCEF is attached hereto as **EXHIBIT B**.

5. As the court is well aware, Rule 17(b) of the Federal Rules of Civil Procedure defers the capacity of any party to be sued to the law of the state where the court is located.

6. The law in the State of New York is clear. The New York Estates Powers and Trusts Law Section 11-3.2(a)(1) provides as follows: "no cause of action for injury to person or property is lost because of the death of the person liable for the injury. <u>For any injury, an action may be brought or continued against the personal representative of the decedent</u>... [Emphasis Added]"

7. Clearly, New York law requires there to be a personal representative appointed in order to either commence or continue a lawsuit for personal injuries.

8. Plaintiff seeks to amend the complaint to add, "John Doe as Executor of the Estate of John Askey" as a party. Plaintiff has failed to, and cannot, identify a personal representative appointed, either Executor or Administrator, and further failed to, and cannot, identify any estate. The basis of this failure is obvious; no Estate has been opened for John B. Askey and there is no appointed personal representative.

9. Under New York law, in the absence of a legal representative, any attempt to commence an action against an individual who is deceased is, "a nullity from its inception." *Matter*

*of Foreclosure of Tax Liens (City of Newburg)*, 165 A.D.3d 1112, 1117 (2d Dep't 2018) (leave to appeal denied. 835 N,Y, 3d 998), citing *Krysa v. Estate of Oyra*, 136 A.D.3d, 760 (2d Dep't 2016)).

10.    In addition, the mere fact that the Plaintiff may argue that even a non-existent estate could be represented by counsel representing the Town of Amherst, is unavailing.  As noted by the Court in *Matter of Foreclosure of Tax Liens* "the fact that an attorney... purported to answer on behalf of the deceased individuals did not confer jurisdiction over their respective estates." (*Id., additional citations omitted*).

11.    Further, Plaintiff's application is not dissimilar from *Chunn v. Amtrak, P.O.*, 916 F.3d 204 (2d Cir. 2019) wherein plaintiff sought to add an Amtrak Officer, Sergeant Patterson, as a party defendant noting that such an amendment would have been futile.  (*Id.*).

12.    In the instant matter, not only would adding a hypothetical, and non-existent, personal representative and a hypothetical, and non-existent, estate be futile; the mere fact that our office may represent or would represent the personal representative of the Askey Estate, if such an Estate existed, does not cure the fundamental issue, which Plaintiff has failed to confront.

**THE APPLICATION OF THE PLAINTIFF TO ADD "JOHN DOE AS EXECUTOR OF THE ESTATE OF JOHN B. ASKEY," AS A PARTY TO ANY CLAIM FOR RELIEF UNDER NEW YORK STATE LAW MUST BE DENIED**

13.    Further, in the event that this Court disagrees with the Amherst Defendants opposition to the application to add a "John Doe Executor" as a party, generally, said Defendants assert additional grounds to oppose the inclusion of this alleged party in any action involving a New York State claim since the time for commencement of a lawsuit against him as a municipal defendant has passed.

3

14.    As the Court is aware, the time to commence an action for a tort against a municipal official is one year and 90 days from the date that the cause of action accrues.  (General Municipal Law §50-i).

15.    Based on that accrual date of January 4, 2024, Plaintiff's general time to commence an action against John Askey or his estate or legal representative expired on or about April 4, 2024.

16.    Even assuming that Mr. Askey's passing on May 20, 2023, provided an additional period of 18 months to be excluded from the date of his death when computing the time to commence any action (CPLR §210(b)), at the very latest, the one year and 90 period began on November 20, 2024 (18 months from the date of Mr. Askey's death), and expired on February 18, 2025.

17.    Neither Mr. Askey, his legal representative nor his estate were parties when this action was initially commenced.  Thus, any claim for relief based on a New York State cause of action to be commenced against him now is untimely and any amendment to effectuate such addition must be denied.

**PLAINTIFF SHOULD NOT BE ALLOWED TO AMEND ITS COMPLAINT, TO ADD A SIXTH CAUSE OF ACTION FOR DENIAL OF RIGHT OF ACCESS TO THE COURTS AGAINST ANY OF THE AMHERST DEFENDANTS.**

18.    Plaintiff seeks to add a new cause of action at paragraphs 427 through 447, inclusive, in her Proposed Amended Complaint, claiming Denial if Access to the Courts, based upon the dismissal of an action brought in the New York Court of Claims.

19.    The relevant allegations concerning this claim pertain solely to those actions taken by the then District Attorney John Flynn who, Plaintiff alleges, eliminated grounds for the Plaintiff to seek recovery under §8-B of the New York Court of Claims Act as alleged in paragraph 430.

20.    None of the actions that resulted in Plaintiff's alleged failure to proceed under the New York Court of Claims Act were undertaken by any of the Amherst Defendants who had no

control over the proceeding that resulted in the vacating of Plaintiff's conviction and the dismissal of the indictment against her without prejudice.

21.     Plaintiff's allegation in paragraph 447 that the Town of Amherst or that "Defendants County of Erie and Town of Amherst are liable for this tort by virtue of their respective policy making direct participation in a civil conspiracy..." is conclusory in nature and is not based on any factual allegations contained in the claim.

22.     Further, such a conclusory allegation is irrelevant in light of the fact that the only operative facts alleged in the claim pertain to negotiations with the District Attorney and counsel for the Plaintiff, did not involve any of the Amherst Defendants.  All references to actions by any of the Amherst Defendants pertain only to the Plaintiff's claimed basis for vacating her conviction and unsuccessfully seeking exoneration from the District Attorney.

23.     Thus, insofar as it relates to the Amherst Defendants, Plaintiff's claim fails to meet the pleading standard of F.R.C.P. 8(a)(2) and *Bell Atl. Corp v. Twombly* (550 U.S. 544, 2007) and *Ashcroft v. Iqbal* (550 U.S. 662, 2009) and would be subject to a motion to dismiss pursuant to F.R.C.P. 12(b)(6).

24.     The case law in the Second Circuit is clear, "an amendment to a pleading will be futile if a proposed claim could not withstand a motion to dismiss pursuant to [Federal Rule of Civil Procedure] 12(b)(6) Rule 12b-6." *Abelar v. IBM (In re IBM Arb. Agreement Litig.)*, 76 F 4th 74, 87 (2nd Cir., 2023) *(Additional citations omitted).*

## PLAINTIFF'S APPLICATION TO ADD A NINTH CAUSE OF ACTION FOR CIVIL CONSPIRACY UNDER 42 U.S.C. § 1983 SHOULD BE DENIED.

25.     Plaintiff seeks to amend her complaint to allege a claim of civil conspiracy against all defendants. In so doing, at paragraph 460 of the complaint, the Plaintiff identifies all alleged conspirators, namely, proposed defendant, Chief John B. Askey, current defendants Captain

5

Michael J. Melton, Lieutenant Joseph LaCourte, Detective Raymond Klimczak, Frank A. Sedita III, First Assistant District Attorney and John Flynn as District Attorney.

26.    In that paragraph, Plaintiff also mischaracterizes the vacatur of her dismissal and dismissal of the indictment without prejudice as "exoneration," which it clearly was not.

27.    Allegations of conspiracy "are to be viewed with skepticism and must be supported by more than mere conclusory allegations." *Vega v. Artus*, 610 F.Supp.2d 185, 205 (N.D.N.Y. 2009) (citing *Webb v. Goord*, 340 F.3d 105, 110 (2d Cir. 2003).

28.    A §1983 conspiracy claim requires a plaintiff to show: "(1) an [express or tacit] agreement between two or more state actors or between a state actor and a private entity; (2) to act in concert to inflict an unconstitutional injury; and (3) an overt act done in furtherance of that goal causing damages. D*iBenedetto v. Coley*, 2024 WL 4662979, at *2 (2d Cir. Nov. 4, 2024) (internal citations omitted).

29.    The agreement must involve a "meeting of the minds" between the alleged conspirators. *See Ciambriello v. County of Nassau*, 292 F.3d 307, 325 (2d Cir. 2002). The plaintiff must allege a nexus between the alleged co-conspirators, including specific time and place where the "meeting of the minds" happened. *Dwares v. City of New York*, 985 F.2d 94, 100 (2d Cir. 1993), *overruled on other grounds by Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 164 (1993) (finding specific allegation of a "meeting of the minds" where complaint alleged date when officer verbally allowed alleged co-conspirator to attack plaintiff). Here, the factual allegations allege a series of independent actions conducted by the defendants and proposed defendant with only conclusory allegations that, somehow, an agreement existed between them to coordinate that activity. Thus, these allegations fall short of satisfying the second prong of the test for a civil conspiracy under 42 U.S.C. §1983, namely that

6

the conspirators, "acted in concert…to inflict an unconstitutional injury…" (*Pangburn v. Culbertson,* 200 F. 3d 65, 72 (2d Cir. 1999).

30.     While Plaintiff names all individual Defendants as co-conspirators, the allegations merely recite separates independent action among different groups of actors at different times and for different reasons, attempts to tie them together with vague allegations that they somehow acted either "explicitly and/or implicitly," (paragraph 460), or by "express agreement or tacit understanding" (paragraph 461) in an effort to create a conspiracy.   Thereafter the Plaintiff describes individual actions, already contained in the claims for relief under 42 U.S.C. §1983 and, therefore duplicative.

31.     Plaintiff supports her §1983 conspiracy claim by suggesting that "the coordinated nature" of the ECDA and the Amherst Defendants and use of similar "interviewing techniques" evidences a "meeting of the minds" (paragraph 461). Even if true, courts have rejected this argument because "'[w]ithout more, parallel conduct does not suggest conspiracy'" under §1983. *White v. Renzi*, 2023 WL 6205957, at *1 (2d Cir. Sept. 25, 2023) (citing *Twombly*, 550 U.S. at 556-57). Plaintiff never alleges any nexus between the Amherst Defendants and ECDA, with Plaintiff never noting any specific time or place where the alleged "meeting of the minds" happened. *See Dware*, 985 F.2d at 100.

32.     As a result, this proposed cause of action contains nothing other than "conclusory, vague, or general allegations that thee defendants have engaged in a conspiracy to deprive the plaintiff of [her] constitutional rights {and are] properly dismissed." (*Ciambriello v. Culbertson*, 292 F 3d 307, 325 (2d. Cir. 2002).

33.     Plaintiff, at best, has no more than a "gut feeling" that a conspiracy existed which the Second Circuit recently recognized as being insufficient to plead a civil conspiracy. (*DiBenedetto v. Coley* (2024 U.S. App. LEXIS 27858(7) (2d Cir., 2024))

34.     Even if the amended complaint properly alleged §1983 conspiracy, the ninth cause of action is still futile as alleged against the Amherst Defendants for two reasons: (1) the amended complaint fails to sufficiently plead a cause of action against Amherst under *Monell*; and (2) the intra-corporate conspiracy doctrine applies to the Amherst Defendants rendering the §1983 conspiracy futile *ab initio*.

35.     A plaintiff seeking to hold a municipality liable under *Monell* under § 1983 must prove three elements: "(1) an official policy or custom that (2) causes the plaintiff to be subjected to (3) a denial of a constitutional right." *Lucente v. County of Suffolk*, 980 F.3d 284, 297 (2d Cir. 2020); *see also Monell v. Department of Social Services*, 436 U.S. 658, 690-91 (1978).

36.     A municipality is not liable under *Monell* merely because conduct is attributable to it under *respondeat superior*. *See Board of County Com'rs of Bryan County, Okl. v. Brown*, 520 U.S. 397, 405 (1997). A plaintiff must "demonstrate that, through its deliberate conduct, the municipality was the moving force behind the alleged injury." *Roe v. City of Waterbury*, 542 F.3d 31, 37 (2d Cir. 2008) (internal citations omitted).

37.     An individual policymaking official's exercise of discretion "does not, without more, give rise to municipal liability based on an exercise of that discretion." *Pembaur v. City of Cincinnati*, 475 U.S. 469, 482-83 (1986). "[T]he official must also be responsible for establishing final government policy... before the municipality can be held liable." *Id.*, *see also Anthony v. City of New York*, 339 F.3d 129, 139 (2d Cir. 2003) (rejecting municipal liability based on a police sergeant's authority over officers at a crime scene).

8

38.     In support of her claim, Plaintiff alleges Amherst Town Code §39-1, which "delegate[s] the power to grant police assistance solely to the Amherst Chief of Police, Defendant John B. Askey," is a relevant policy or custom sufficient to plead *Monell* liability (paragraph 468). Amherst's delegation to the Chief of Police does not rise to the level of a municipality-wide policy or custom" because Askey's alleged policymaking authority respecting investigation of crimes, interrogation of suspects, decisions to arrest or charge individuals, and referral to ECDA are all exercises of discretion. Plaintiff has offered solely conclusory statements that the above are municipality-wide policies which go beyond the scope of the police chief's discretion and accordingly must be dismissed as implausible. *See e.g. Arnold v. Town of Camillus, New York*, 662 F.Supp.3d 245, 260 (N.D.N.Y. 2023) (dismissing complaint despite "conceivable" *Monell* liability).

39.     Further, the intracorporate conspiracy doctrine applies to the Amherst Defendants, rendering a conspiracy claim against them futile.

40.     The intercorporate conspiracy doctrine provides that "an agreement between or among agents of the same legal entity, when the agents act in their official capacities, is not an unlawful conspiracy." *Ziglar v. Abbasi*, 582 U.S. 120, 153 (2017). This doctrine exists because, "as a practical and legal matter," the legal entity assumes the official acts of all its several agents. *Id.* Ergo, there can not be an "agreement between two or more separate people" necessary for conspiracy because the legal entity is effectively agreeing with itself alone. *See id.* The sole exception to this doctrine is when the individual agents are "motivated by any independent personal stake in achieving the corporation's objective." *Girard v. 94th St. & Fifth Ave. Corp.*, 530 F.2d 66, 71-72 (2d Cir.), *cert. denied* 425 U.S. 974 (1976).

41.     While the Second Circuit has never explicitly decided whether the intercorporate conspiracy doctrine applies to §1983 claims, it has held the doctrine applies to related § 1985 conspiracy claims. *See Herrman v. Moore*, 576 F.2d 453, 459 (2d Cir. 1978); *see also Jackson v. City of Cleveland*, 925 F.3d 793, 818 (6th Cir. 2019) (recognizing that no circuit "has applied the doctrine in §1985 actions but declined to apply it in §1983 actions").

42.     Accordingly, courts in every district of the Second Circuit have "uniformly applied the doctrine to [§] 1983 cases as well." *Rudavsky v. City of South Burlington*, WL 4639096, at *6 (D.Vt. Sept. 27, 2018); s*ee e.g. Graham v. Peters*, WL 5924727, at * 5 (W.D.N.Y. Oct. 31, 2013); *James v. Willis*, WL 1030648, at *6 (N.D.N.Y. March 3, 2020); *Little v. City of New York*, 487 F.Supp.2d 426, 441-42 (S.D.N.Y. 2007); *Nassau County Employee "L" v. County of Nassau*, 345 F.Supp.2d 293, 304-05 (E.D.N.Y. 2004); *Watrous v. Town of Preston*, 902 F.Supp.2d 243, 269 (D.Conn. 2012).

43.     The Plaintiff's allegations that the Amherst Defendants conspired together to violate her constitutional rights are therefore futile. Melton, LaCorte, and Klimczak were all employed by Amherst at all relevant times, and there is no allegation that any of the Amherst Defendants' conduct was motivated by personal interest. *See Girard*, 520 F.2d at 71-72 (dismissing §1985 conspiracy claim because plaintiff never alleged that individual defendants acted out of personal interest).

44.     Thus, the proposed Ninth Cause of Action, is legally insufficient on its face.

45.     Such "an amendment to a pleading will be futile if a proposed claim could not withstand a motion to dismiss pursuant to [Federal Rule of Civil Procedure] 12(b)(6) Rule 12b-6." *(Abelar, supra.)*.

46.     As a result, the proposed amendment is futile, and the application must be denied.

10

## PLAINTIFF'S APPLICATION FOR LEAVE TO AMEND THE COMPLAINT TO ALLEGE AND EIGHTEENTH CAUSE OF ACTION FOR RECOVERY UNDER NEW YORK STATE DUE PROCESS SHOULD BE DENIED.

47.    Previously, the Amherst Defendants moved this Court to dismiss all New York State claims against them on the grounds that the Plaintiff had failed to properly satisfy the condition precedent of properly serving a Notice of Claim on them generally.

48.    The Court denied that motion.

49.    As a result, and to preserve its defenses, the Town of Amherst, raise that failure in opposition to Plaintiff's motion to add the Eighteen Cause of Action for Respondeat Superior liability on the Town of Amherst pursuant to New Yor State Due Process.

**WHEREFORE**, Defendants, THE TOWN OF AMHERST, MICHAEL J. MELTON, JOSEPH LACORTE, and RAYMOND KLIMCZAK pray for an Order of this Court:

1.    Denying the application of Plaintiff to amend the complaint to add a hypothetical and non-existent Executor of the hypothetical and non-existent "John Doe Executor or the Estate of John B. Askey" as a party Defendant and requiring deletion of all reference to John B. Askey in any amended complaint;

2.    Denying the application of Plaintiff to amend her complaint to a proposed new Sixth Cause of Action for Denial of Right of Access to the Courts as against the Defendants THE TOWN OF AMHERST, MICHAEL J. MELTON, JOSEPH LACORTE, and RAYMOND KLIMCZAK;

3.    Denying the application of Plaintiff to amend her complaint to add a Ninth Cause of Action for Civil Conspiracy Pursuant to 42 U.S.C. §1983;

4.    Denying the application of the Plaintiff to amend her complaint to add and Eighteenth Cause of Action under New York State Due Process; and

11

5.      Affording these Defendants such other and further relief is to this court shall seem just and proper.

DATED:      Buffalo, New York
            July 10, 2026

                        **HURWITZ FINE, P.C.**

                        Michael F. Perley, Esq.
                        *Attorneys for Defendants*
                        *Town of Amherst, Michael J. Melton*
                        *Joseph LaCorte & Raymond Klimczak*
                        1300 Liberty Building
                        Buffalo, New York 14202
                        (716) 849-8900

# EXHIBIT A

# John ASKEY Obituary

A SKEY - John B. "Jay"
Retired Chief of the Amherst Police. May 20, 2023. Beloved husband of
            ; loving father of                        and
cherished grandfather of                                        ; devoted
great-grandfather of                            ; dear brother of '            , (
                and the late                    ; ]
and                      '; also survived by many nieces, nephews and cousins. No
prior visitation. Private services were held at the convenience of the family. Memorials
may be made to Hospice Foundation of WNY. Online condolences at
denglerrobertspernafuneral.com. Arrangements by BEACH-TUYN FUNERAL HOME.

Published by Buffalo News on May 28, 2023.

# EXHIBIT B

Case 1:25-cv-00075-LJV-JJM    Document 84    Filed 07/10/26    Page 16 of 16

NYSCEF - New York State Courts Electronic Filing (Logged in as: MICHAEL FRANCIS PERLEY - 15258231)

## Surrogate's Court: File Search

*Select a court, then enter a file number or a file name.*

**Court ***

Erie County Surrogate's Court ⌄

| File Number | | First Name | Middle | Last Name |
|---|---|---|---|---|
| | - or - | John | B | Askey |

### File Records Found

| File # | File Name | Date of Death/Birth | Address |
|---|---|---|---|
| | **No File Records Found** | | |
| | Please adjust your criteria and try searching again. | | |