LippesMathias LLP
ATTORNEYS AT LAW

October 27, 2026

**VIA ECF**

Hon. Jeremiah J. McCarthy
United States Magistrate Judge
Western District of New York
Robert H. Jackson United States Courthouse
2 Niagara Square Buffalo, NY 14202

Re: *Lynch v. Town of Amherst, et al.*
Case No. 1:25-CV-00075 (LJV)(JJM)
Defendant County of Erie's Response to Plaintiff's October 27, 2026 Letter (Dkt. 98) and Position Regarding Bifurcation of *Monell*-Related Discovery

Dear Judge McCarthy:

We represent Defendant County of Erie (the "County") and write in advance of the October 28, 2026 conference scheduled before Your Honor, which was requested and adjourned on consent to address discovery disputes between Plaintiff and Co-Defendant Town of Amherst (Dkt. 94; Dkt. 96), and in response to Plaintiff's October 27, 2026 pre-conference letter (Dkt. 98), which reiterated that scope and raised several additional points. While the County takes no position concerning the dispute between Plaintiff and Co-Defendant Town of Amherst, this letter serves to briefly respond to the balance of Plaintiff's October 27, 2026 letter, primarily as it relates to the County's position on bifurcating discovery.

Bifurcation is the most efficient way to move this case forward. Plaintiff's claims against the County rest on a *Monell* theory premised on alleged Erie County District Attorney's Office ("ECDA") policies, together with allegations of post-conviction misconduct. Each theory depends on Plaintiff first establishing that an ECDA individual violated her constitutional rights at the time of her 1998 prosecution. *See Segal v. City of New York*, 459 F.3d 207, 219 (2d Cir. 2006) ("Because the district court properly found no underlying constitutional violation, its decision not to address the municipal defendants' liability under *Monell* was entirely correct.").

Given that threshold requirement and the breadth of Plaintiff's claims, proceeding with discovery on all fronts at once is neither efficient nor proportional. Even as purportedly narrowed, Plaintiff's demands reach, among other things, case materials from unrelated prosecutions, disciplinary and misconduct records, training materials and budgets, across multiple District Attorney administrations and decades. Plaintiff's narrowing proposes slightly adjusted date ranges but overall leaves that substance, and overbreadth, intact, and she has expressly reserved the right to renew or expand her original demands. Responding would require review of decades of files implicating sealed records, privilege, and non-party privacy interests, all before a single fact concerning Plaintiff's own prosecution has been established.

As this Court recognized in *Dixon v. City of Buffalo*, 2022 WL 22834228, at *4-5 (W.D.N.Y. Mar. 8, 2022), bifurcation in these circumstances "potentially reduces some of the vast, costly and time-consuming discovery" into *Monell* allegations, to the benefit of the parties and the Court. The requests at issue here are considerably broader than those in *Dixon*.

Plaintiff's contrary arguments do not withstand scrutiny. That no ECDA prosecutor is a named defendant does not eliminate the threshold inquiry; Plaintiff must still prove that an ECDA individual violated her rights in her own prosecution before any *Monell* question arises. *Segal*, 459 F.3d at 219. That inquiry is confined to Plaintiff's own prosecution file and the witnesses to it, which the County is producing now. Nor is *Dixon* distinguishable on this basis: the Court granted bifurcation there even though the prosecutor's immunity defense might have left the *Monell* claim in place, holding that "[t]he need for at least some *Monell* discovery does not outweigh the efficiency to be gained from bifurcating discovery." 2022 WL 22834228, at *4. Plaintiff's concern about duplicative depositions is likewise overstated. The witnesses to Plaintiff's prosecution can be deposed on that prosecution; what the County seeks to defer is discovery into decades of other prosecutions, other prosecutors, budgets, and training. And while the Court has held that Plaintiff's *Monell* claim is adequately pleaded, it expressly contemplated that the County would raise its discovery concerns through conferences and motion practice (Dkt. 78 at 4–5).

Sequencing also will not prejudice Plaintiff. Discovery into her own prosecution, post-conviction proceedings, and the individual defendants continues, so any witness to those events, whatever their age or health, may be deposed now. The deferred discovery consists largely of institutional records concerning other matters, which are not at comparable risk. The County has preserved its prematurity objection since its initial responses, advised Plaintiff in writing that it would seek to sequence this discovery absent agreement, and tabled a motion pending consideration of the purportedly narrowed requests Plaintiff offered. Having conferred to impasse, the parties now bring the issue of bifurcation to the Court.

The shifting scope of Plaintiff's claims makes sequencing particularly appropriate. Plaintiff's theories of liability against the County continue to change, and each change alters what discovery is relevant. Her pending motion for leave to amend, which the County opposed, seeks to revive *respondeat superior* claims the Court has already dismissed (Dkt. 45; Dkt. 79) and to add a conspiracy theory between the County and the individual Amherst defendants. The County is not withholding discovery into Plaintiff's own prosecution on account of the pending motion; its point is that the claims that will define the scope of *Monell* discovery remain unknown. Staged discovery addresses that problem directly: discovery into Plaintiff's own prosecution is relevant under every version of her pleading, while broad *Monell* discovery into unrelated prosecutions, personnel, training, and discipline may be narrowed or eliminated entirely once the operative complaint and the threshold violation question are resolved.

Bifurcation is also warranted for a more practical reason: discovery on core liability and damages issues remains incomplete on Plaintiff's side. Although Plaintiff claims sweeping damages (Dkt. 1 ¶ 374), she has not provided a single authorization for third-party records, including her incarceration, probation, parole, medical, mental health, and substance-use treatment records. The County identified these and other deficiencies by letter dated October 2, 2026, and on October 21, 2026, Plaintiff responded that she "will not execute blanket authorizations in response to any of these requests." Those records go to both liability and damages: Plaintiff alleges that her addiction and withdrawal at the time of her interrogation rendered her statements coerced (Dkt. 1 ¶¶ 4, 186–89, 192), yet she refuses to authorize release of her treatment records. Plaintiff likewise has yet to serve a privilege log, notwithstanding redactions made throughout, and has only committed to serve one and to supplement her responses at some later date. While the parties remain engaged in meet-and-confer efforts on these issues, until this foundational discovery is advanced, expanding discovery into decades of unrelated municipal matters would only compound delay.

Beyond that, Plaintiff's own outstanding discovery undercuts her claims of prejudice and delay. Plaintiff cannot credibly attribute the pace of this case to the County's request to sequence *Monell*

discovery while she withholds the records needed to test her own coercion and damages allegations and to proceed with her deposition. *See Dixon*, 2022 WL 22834228, at *5 (plaintiff's "delay concerns also ring somewhat hollow given the slow pace of discovery undertaken by the parties thus far"). If anything, sequencing will focus the parties' efforts on completing that core discovery, which is the fastest path to resolving the threshold question on which any *Monell* discovery depends.

Plaintiff's remaining issues are generally not ripe for Court intervention, and the County disputes the propriety of her demand that the Court resolve various, detailed issues "now," on less than 24 hours' notice, without the need for a formal motion and without sufficient briefing of the issues. Nevertheless, as to the requests the County does not seek to defer, the County has responded or will respond to Interrogatories Nos. 2 and 3 and Requests Nos. 2, 3, 4, 8, and 11 based on Plaintiff's narrowed positions, has withdrawn one of its objections to Request No. 7, and has advised that it remains willing to confer further on the others. As to ESI, the County has retrieved the electronic database materials filed under Plaintiff's indictment number and will produce responsive, non-privileged documents upon completing its review; it is confirming e-mail retention and search capabilities; and in the meantime, it has invited Plaintiff to propose custodians, date ranges, and search terms, which she has not done. The County is finalizing the verification of its interrogatory responses and will serve it, and it continues to supplement its Rule 26(a)(1) disclosures. Finally, the County answered Plaintiff's interrogatories notwithstanding its numerical-limit objection, so there is no present dispute requiring resolution. To the extent the Court deems it appropriate to set a date certain for one or more of these items at this time, the County seeks reciprocal relief relative to Plaintiff's outstanding privilege log.

In light of the foregoing, the County respectfully asks that the Court set a briefing schedule to file a motion to bifurcate and stay *Monell*-related discovery, specifically Interrogatories Nos. 4, 5, 6, 9, 10, 11, 12, and 15 and Requests for Production Nos. 9, 10, 12, 13, 14, 15, 16, and 18, without prejudice to Plaintiff's right to seek to lift the stay upon a proper showing. The County further submits that any new case management order should account for the pending motion to amend and the resolution of the bifurcation question, rather than the dates Plaintiff proposes unilaterally. We thank the Court for its attention to this matter.

Respectfully submitted,

**LIPPES MATHIAS LLP**

By: */s/ Kirstie A. Means*
Jennifer C. Persico, Esq.
James P. Blenk, Esq.
Kirstie A. Means, Esq.
*Attorneys for Defendant, County of Erie*
50 Fountain Plaza, Suite 1700
Buffalo, New York 14202
(716) 853-5100
jpersico@lippes.com
jblenk@lippes.com
kmeans@lippes.com

cc: All Counsel via ECF